USDC SCAN INDEX SHEET

















BJR   1/7/04    10:56

3:04-CV-00002   GRIMES V. CITY OF SAN DIEGO

*1*

*CMP.*



1   Dennis James Grimes, Jr.

2   c/o 5310 Rex Avenue, Unit 2

3   San Diego, California 92105

4   619-265-2714

5   Appearing in Propria Persona

FILED

04 JAN -5 AM 11: 28

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

6

7

8

9           **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12   Dennis James Grimes, Jr., | Case No.: |
| 13          Plaintiff, | **'04 CV 00002 IEG  (JFS)** |
| 14   vs. | **CIVIL RIGHTS COMPLAINT** |
| 15   City of San Diego, | **{42 UNITED STATES CODE § 1983}** |
| 16   Sergeant Howard Labore, ID# 3339, | |
| 17   Officer David Iorillo, ID# 5433, | JURY TRIAL DEMANDED |
| 18   Officer Kevin McNamara, #ID 4255 | |
| 19          Defendants | |

20

21   **Preliminary Statement**

22

23   1.   This is a civil rights action brought to vindicate the plaintiff's rights under the United States

24   Constitution for declaratory relief and compensatory damages due to the deprivation of federal

25   rights under color of State law and pursuant to the California Torts Claims Act. Plaintiff was

26   subjected to an illegal search and seizure by officers of the San Diego Police Department and

27   deprived of his federal constitutional guarantees.  Plaintiff spent approximately 16 hours in jail

28

1   before being released on bail. Subsequently, plaintiff was never prosecuted in court for any

2   charges in connection with this arrest.

3

4   2.   The defendants violated plaintiff's rights under the Fourth, Fifth and Fourteenth

5   Amendments of the United States Constitution, and the laws of California; Specifically, the right

6   to be free from false arrest, illegal search, the right to silence and not be forced to self-

7   incriminate himself (Miranda), Penal Code §145 and §146, and Vehicle Code § 40306 and

8   §40302. As a result of the defendant's unconstitutional acts, plaintiff has suffered loss of income,

9   temporary loss of property (automobile) via towing, employment reprimand, and has suffered

10   and continues to suffer emotional distress. He seeks a declaration that the defendants violated his

11   rights under the United States Constitution, the laws of California and an award of damages and

12   the cost of bringing this action.

13

14   **JURISDICTION**

15

16   3.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331, 1343

17   (3-4). Supplemental jurisdiction is asserted over state law claims pursuant to 28 U.S.C. 1367.

18   The California statutory requirements of the California Tort Claims Act have been satisfied.

19

20   4.   This action is brought pursuant to 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth

21   Amendments to the United States Constitution.

22

23   5.   Venue is proper pursuant to 28 U.S.C § 1391, in that plaintiff's claim arose in this district.

24

25   **PARTIES**

26   6.   Plaintiff, Dennis James Grimes, Jr., is a Citizen of the United States and a resident of San

27   Diego.

28

7.   Defendant, City of San Diego is a municipal corporation within the State of California.

8.   Defendant, Sergeant Howard Labore, ID # 3339, is a police sergeant of the San Diego Police Department, being sued in his individual and official capacity.

9.   Defendant, David Iorillo, ID # 5433, is a police officer of the San Diego Police Department, being sued in his individual and official capacity.

10.   Defendant, Kevin McNamara, ID # 4255, is a police officer of the San Diego Police Department, being sued in his individual and official capacity.

**Factual Allegations**

11.   On July 3, 2003 at approximately 8:00 am, the plaintiff, Dennis James Grimes, Jr., while traveling in his automobile, was stopped by Sergeant Labore for allegedly violating the right of way of oncoming automobiles on the public road, which is a California Vehicle Code infraction offense. After stopping plaintiff, Sergeant Labore approached plaintiff's automobile and asked for his drivers' license, registration, and proof of insurance. Plaintiff quietly provided Sergeant Labore with a privately made, non-government issued identification card containing his name, address, and photograph in addition to a current registration and insurance card showing him as the owner and insured person. Sergeant Labore asked plaintiff if he had a driver's license and plaintiff responded to him that he uses the provided private identification card for identification purposes. Sergeant Labore asked plaintiff again does he have a driver's license. Plaintiff responded, "I respectfully decline to answer that question, Sir". Sergeant Labore then begins rumbling off to plaintiff that he needs to have a drivers' license in California if he is going to drive, and that driving his automobile is a privilege and drawing other conclusions of law in a confrontational and disturbing demeanor.

12.  Plaintiff noticed that Sergeant Labore's demeanor and dialog had become confrontational and that he is obviously trying to coerce and force plaintiff to say that which would elicit criminal penalties later, so plaintiff states to Sergeant Labore that he has presented his identification, registration card, proof of insurance, and demands to be taken to magistrate pursuant to section 40302(c) of the Vehicle Code and furthermore reserves his right to say anything that may incriminate himself. Sergeant Labore stated, "Okay, I will take you the magistrate" and instructs plaintiff to step out of the car, while he walked back to his police vehicle.

13.  Within one minute after plaintiff's exits from his automobile, another Sergeant of the San Diego Police Department, Tony Johnson, ID# 3816, arrives on the scene and asked plaintiff to step over to the sidewalk. Sergeant Tony Johnson asked plaintiff did he ask to go to court. Plaintiff responds affirmatively that he does demand to go to a magistrate, however that he would not having a problem signing a "Notice To Appear" form if he is not subjected to further interrogation.

14.  While standing next to Sergeant Johnson, another police vehicle arrives within one minute having 2 more San Diego Police Officers which were defendant, Officer Iorillo, and his partner, defendant, Officer McNamara. Officer Iorillo stands behind plaintiff and instructs him to sit on the ground. Sergeant Labore asked Officer McNamara for a ticket book to write a traffic citation, but Officer McNamara states to Sergeant Labore that a refusal to provide a driver's license is a misdemeanor. Sergeant Labore could have still wrote a citation even for a misdemeanor offense, but in any case, at this point he had a mandatory duty to take plaintiff to the magistrate per VC 40302(c). Plaintiff was already "in custody" when he was told to step out of the car to be transported to the magistrate. After sitting on the ground a few minutes. Plaintiff is approached by defendants and instructed to come over by the police vehicle for further interrogation, instead of being taken to the magistrate as previously advised by Sergeant Labore.

15.  Standing next to the police vehicle, Sergeant Labore and Officer Iorillo begins to ask plaintiff about his license and it's whereabouts again. Sergeant Labore asked, "Do you have a drivers license on you?" with Sergeant Johnson and Officer McNamara huddled around plaintiff. Plaintiff responded, "I respectfully decline to answer any questions". Sergeant Labore stated to plaintiff that he needs to provide him with a yes or no answer. Sergeant Labore then asked plaintiff "Where is your driver's license? Are you refusing to provide me with a drivers license?" Plaintiff responded, "I respectfully decline to answer any questions" to all the interrogations that the officers put forth upon him.  Sergeant Labore and Officer Iorillo said to plaintiff that because he refused to answer their questions, that constituted a violation of Vehicle Code section 12951(b), refusal to provide a drivers license to a peace officer upon demand and advised plaintiff that he is under arrest. At no time did plaintiff make any statement that he had a drivers license in his possession nor otherwise. At no time did the defendant officers even expressly demanded plaintiff to provide a driver license to them, (i.e. Give me your drivers license) which would have been a command or a demand rather than a question or a request. At no time did plaintiff refuse to provide a drivers license upon demand in violation of the CVC 12951(b).

16.  Defendant officers arrested plaintiff without probable cause due to the fact plaintiff refused to answer questions which would elicit a criminal penalty. Plaintiff was placed in handcuffs and was subjected to a full search of his person and wallet by Officers Iorrilo and Labore. Officer McNamara searched plaintiff's automobile. There was no drivers license found neither on his person nor in his automobile.

17.  Plaintiff advised defendants that he had not refused to provide a drivers license and that was their unreasonable construing of the matter; Plaintiff advised them that it may have been reasonable to accused him with Vehicle Code section 12951(a), not having a drivers license in his immediate possession, which is an infraction, had they so construed the matter, especially

since he did not have a license on his person as evidenced by the defendants search incident to the arrest.

18.   After being placed in the police vehicle, AGAIN, plaintiff demanded to be taken to a magistrate immediately pursuant to Vehicle Code section 40302 (c). Defendants, after some brief deliberation eventually took plaintiff to the San Diego Superior Court in downtown San Diego, Department 1.

19.   The defendants had a **mandatory duty** to file a complaint stating the offense charged per Vehicle Code 40306(a), but failed to file such complaint against plaintiff which would have given the Court subject matter jurisdiction. Defendants were told by the Deputy City Attorney, John Hemmerly, that Commissioner Lee C. Witham, instructed them to book plaintiff in the San Diego County Jail on Vehicle Code 12951(b) before he could be brought to court for a prompt probable cause hearing. Plaintiff was booked into the San Diego County Jail. Penal code section 148(a) resisting and obstruction a peace officer in his official duties, Penal code section 483.5(a), manufacture/sale of deceptive identification were also added as additional charges. Plaintiff spent approximately 16 hours in jail before being released on bail.

20.   Plaintiff was given notice that he was to appear in court on Thursday, July 10, 2003 however on that day, Plaintiff came to court, but the San Diego District Attorney's office gave plaintiff Notice they were not taking any action on the case at the time. Therefore, the matter was never heard before a magistrate. The San Diego District Attorneys Office never filed charges; therefore plaintiff was never prosecuted for any charges stemming from this arrest.

1    **CAUSES OF ACTION**

2

3    **FIRST CAUSE OF ACTION**

4    **Fourth Amendment Violation-False Arrest:**

5    21.  The defendants lacked probable cause to arrest plaintiff for the arrest 12951(b) of the

6    Vehicle Code. Probable cause to arrest exist when the facts and circumstances known to the

7    arresting officer at the time of the arrest justify a prudent person in believing that the suspect

8    committed or was in the process of committing an offense. <u>Hunter v. Bryant (1991) 502 U.S.</u>

9    <u>224.</u>

10

11   22.  **There were no facts and circumstances at the time plaintiff was arrested by defendants**

12   **that he had a driver license on his person that he was refusing to provide.** He never stated he

13   was refusing to provide a driver license. He only reserved his right to silence, and consequently

14   the defendants construed such reservation as a refusal to provide a drivers license. The

15   Defendants stated that because plaintiff had refused to answer their questions, such refusal

16   constituted a refusal to provide a license.  However, <u>Berkemer v. McCarty, *468 U.S. 420* (1984)</u>

17   held: Given the proper circumstances it seems to me the person may be briefly detained against

18   his will while pertinent questions are directed to him. **Of course the person stopped is not**

19   **obliged to answer, answers may not be compelled, and <u>refusal to answer furnishes no basis</u>**

20   **<u>for an arrest.</u> And, unless the detainee's answers provide the officer with probable cause to**

21   **arrest him, he must then be released.**

22

23   23.  It is only logical and reasonable their could be no probable cause for arresting someone for

24   refusing to provide something they did not have. The police found no evidence at the scene nor

25   on plaintiffs person which would have provided any probable cause that defendant was refusing

26   to provide a drivers license. The defendants should have reasonably known there was probable

27   cause for an arrest for CVC 12951(b) after finding no license on defendant or in his automobile.

28   At that point they should have released plaintiff upon a Notice To Appear or took plaintiff to the

magistrate on the minor infraction charge because probable cause TO ARREST was clearly

absent.

24.   Probable cause for the arrest is also absent due to the fact that the Vehicle Code violation

that plaintiff was arrested for (VC §12951(b)) states that the driver of a motor vehicle shall

present his or her license upon <u>DEMAND</u> of a peace officer. Plaintiff was NEVER

DEMANDED to give his drivers license to the defendants, but only asked if he had one on him.

Plaintiff never refused to provide a drivers license at any time because there was no express

demand made nor he could not provide something he did not have. A DEMAND to provide and

a QUESTION of possession is NOT synonymous.

25.   The statute which plaintiff was arrested for clearly used the word "demand", not "request".

"A statute must be interpreted '"according to the usual, ordinary import of the language

employed." <u>Griffith v. Gibson, (1977) 73 Cal.App.3d 465</u>.  The California Legislature could

have easy wrote "when any peace officer request..." The word "request" is used frequently in

Vehicle Code and is distinguished from "demand". The statute specifically states **"DEMAND"**.

Penal Statutes are to be construed to reach no further than their words; no person can be made

subject to them by implication.  <u>In Re Twing, (1922) 188 C. 261, 204 P 1082; People v. Garcia,</u>

<u>(1940) 37 CA2d. Supp. 753, 98 P2d. 265</u>. When the legislators speak through statutes, their

enactments **must** be given a strict interpretation. **The law must be applied as it is written.**

26.   The Court held in <u>People v. Baker, (1968) 69 Cal.2d 44</u>:

"<u>We must assume that the Legislature meant the section to be read as it was written.</u> We cannot

create an offense by enlarging the statute, or by inserting or deleting words, nor should we do so

by giving a false meaning to its words. Such a practice makes it impossible for anyone to rely on

the written word of the Legislature and only adds confusion to the already difficult task of

drafting statutes."

27.   Furthermore, Vehicle Code section 40302(c) says that when a person is arrested for a non-felony offense of the Vehicle Code that person shall be taken to the magistrate immediately upon demand of the arrested person. Plaintiff made a 40302(c) demand very shortly after the stop. Sergeant Labore stated to plaintiff that he would take him to a magistrate immediately and instructed him to step out of his car. This occurred prior to arresting him for the Vehicle Code misdemeanor offense §12951(b).

28.   At this point the ONLY probable cause for the automobile stop was the charge of violating the right of way of other automobiles.  When Sergeant Labore told plaintiff to step out of the car and that he was taking him to a magistrate, he was "in custody" and also should have advised him of his right to silence at that point. As such, probable cause to arrest for refusal to provide a drivers license is also absent because the plaintiff was already under arrest and in custody being transported to a magistrate. A Vehicle Code section 40302(c) demand invokes a custodial arrest. People v. Superior, 7 Cal.3d 186; People v. Wohlleben, 261 Cal.App.2d 461.

29.   Three (3) additional officers (Sergeant Johnson, D. Iorillo, and K. McNamara) arrived to the scene within one to two minutes and interrogated plaintiff. After plaintiff refused to provide a "yes" or "no" answer their questions, plaintiff was arrested for allegedly, refusing to provide a drivers license. There was no probable cause nor reasonable suspicion for their continued restraint and interrogations because plaintiff had already demanded to be taken to magistrate and Sergeant Labore had already stated he would take him to a magistrate.

30.   The defendants had a mandatory duty by Vehicle Code section 40302(c) to transport plaintiff to a magistrate rather than attempting to arrest plaintiff for a more serious offense because they did not want to take plaintiff to Court for a minor vehicle infraction.

31.  At best, Vehicle Code section 40302(a) [transportation to the magistrate for failing to present a driver's license or other satisfactory identification] or Vehicle Code section 12951(a), [not having a driver's license in person's immediate possession] may have been a more reasonable accusation. The defendants clearly did not read nor understand the statute they arrested plaintiff for and as such they arrest plaintiff without probable cause. An officer's erroneous interpretation of California law is generally unreasonable. <u>People v. Lopez (1987) 197 Cal. App. 3d 93</u>.

32.  The other booking charges were Penal C. § 483.5 & Penal C. § 148(a) and were without merit and absolutely lacked probable cause as well and this just shows the incompetence of Sergeant Labore in particular and the lack of training by the City of San Diego's police department. Sergeant Labore states in his police report that "I placed Dennis under arrest for 12951(b) CVC for refusal to provide a drivers license when **requested** by a peace officer". Again, nowhere does that section state "request" (i.e. may I see your license please?). Sergeant Labore even goes as far to state in his police report that he charged plaintiff with Penal Code 148(a), (obstructing, delaying an officer in his duties) because plaintiff demanded an immediate appearance before a magistrate. Plaintiff had a right under the state law (VC §40302(c)) to be taken to a magistrate for an arrest made for a non-felony Vehicle Code offense. It wasn't plaintiff's fault that the defendants had to perform their duties which required them to take plaintiff to a magistrate. Penal Code §483.5 was also a frivolous accusation. There were no facts or circumstances to provide probable cause that plaintiff was in involved in the manufacturing or selling of deceptive identification cards (PC §483.5). The statute specifically pertains to those who manufacture and/or provide for sale such id cards. Even the San Diego District Attorney has never prosecuted plaintiff on these charges.

33.  The Defendants clearly had a mandatory duty, rather than a discretionary duty to take plaintiff to a magistrate immediately, instead of continuing to force defendant to incriminate himself; therefore any claim to qualified immunity must fail. Officers have no immunity for their

unconstitutional acts. <u>Ex Parte Young, 209 U.S. 123 (1908)</u>; <u>Pierson v Ray (1967) 386 US 547,</u>
<u>18 L Ed2d 288, 87 S Ct 1213.</u>

34.   Defendants were acting under color of state law and falsely arrested plaintiff absent
probable cause thereby depriving plaintiff's of his federal 4th amendment right which gives rise
to this 1983 action. <u>McKenzie v. Lamb (9th Cir. 1984) 738 F2d 1005.</u>

35.   Municipal liability for this violation of the Fourth Amendment rests upon two grounds.
First, upon information and belief, the individual officers in this case acted in a manner
consistent with the custom of the San Diego Police Department. A policy or custom may be
inferred from acts or omissions of a municipality's supervisory officials serious enough to
amount to gross negligence or deliberate indifference to the constitutional rights of the plaintiff.
<u>Turpin v. Mailet, 619 F.2d 196, 201-02 (2d Cir.1980)</u>; <u>Owens v. Haas, 601 F.2d 1242, 1246-47</u>
<u>(2d Cir.1979)</u>. Sergeant Labore and Sergeant Tony Johnson are supervisors for the San Diego
Police Department.

36.   Second, there is a failure to train and supervise amounting to deliberate indifference to the
constitutional rights of plaintiff. The behavior of subordinate officials may evidence a failure to
train or supervise sufficiently egregious to amount to gross negligence or deliberate indifference
on the part of their superiors and the municipality. <u>Villante v. Department of Corrections, 786</u>
<u>F.2d 516(2nd Cir. 1986).</u>

37.   In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand a
motion to dismiss "even if the claim is based on nothing more than a bare allegation that the
individual officers' conduct conformed to official policy, custom, or practice." <u>Shah v. County of</u>
<u>Los Angeles, 797 F.2d 743, 747 (9th Cir. 1986).</u>

## SECOND CAUSE OF ACTION

## <u>Deprivation of Fifth Amendment Right- Self- Incrimination and Silence:</u>

38.  Arresting plaintiff for Vehicle Code section 12951(b) was done under color of state law and violated plaintiff's Fifth Amendment guarantee to not incriminate himself. Essentially, this was an arrested for the exercise of a Constitutional right because he refused to give any incriminating statements that would be used against him. The defendants were in fact asking plaintiff a question that carried the possibility of monetary or other penalties, depending on the answer and then arrested him because he declined to answer the question, for a statute that mentions nothing about ASKING does a person have a license.

39.  The U.S. Supreme Court in <u>Miranda v. Arizona, 384 U.S. 436</u> has already held that where rights secured by the Constitution are involved, there can be no rule making or legislation that can abrogate them.  There can be no sanction or penalty imposed upon one because of this exercise of Constitutional Rights. The claim and exercise of a constitutional right cannot be converted into a crime. <u>Miller v. United States, 230 F.2d 486 (5th Cir. 1956).</u> 5th Amendment violations are actionable under section 1983. <u>Cooper v. Dupnik (9th Cir. 1992) 963 F.2d 1220.</u>

40.  The U.S. Supreme Court held in <u>Berkemer v. McCarty, 468 U.S. 420 (1984)</u> that a motorist who has been detained pursuant to a traffic stop and is subjected to treatment that renders him "in custody" for practical purposes, will be entitled to the full panoply of protections prescribed by Miranda. In Berkemer v. McCarty, supra, the court also held that at ordinary non-coercive traffic stops, Miranda does not apply due to the brief "cite and release" encounter, and lack of police domination.

41.  Plaintiff encounter with defendants was certainly not an ordinary brief traffic "cite and release" stop and it was very police dominated.  Furthermore, <u>United States v. Jones, 846 F.2d 358 (6th Cir. 1988); Oregon v. Mathiason, 429 U.S. 492 (1976)</u> held that a person is "in custody" for Miranda purposes when three police officers in three separate police cars, surrounded

1  plaintiff, blocking him from leaving the scene. At this point the police had deprived plaintiff of

2  his "freedom of action" in a "significant way," and placed him in a custodial situation.

3

4

5  42.  Plaintiff was subject to sustained and coercive questioning despite his reservation to not

6  incriminate himself. Persons temporarily detained for brief questioning by police officers who

7  lack probable cause to make an arrest or bring an accusation need not be warned about

8  incrimination and their right to counsel, <u>until</u> such time as the point of arrest or accusation has

9  been reached **or the questioning has ceased to be brief and casual and become sustained and**

10 **coercive.**  People v. Manis, (1969) 268 Cal.App.2d 653.

11

12

13 43.  Municipality is liable in that there is a failure to train and supervise amounting to deliberate

14 indifference to the constitutional rights of plaintiff and defendant officers acted in a manner

15 consistent with the custom of the San Diego Police Department having a deliberate indifference

16 to plaintiff's constitution rights.

17

18 **THIRD CAUSE OF ACTION**

19 **4th amendment violation- Illegal Search:**

20 44.  Plaintiff was arrested without probable cause under color of state law, thus accordingly the

21 search incident thereto was unlawful and violated the 4th Amendment. A warrant-less search is

22 NOT permissible incident to an unlawful arrest. <u>Chimel v. California, 395 U.S. 752, 763 (1969).</u>

23

24 45.  Officer K. McNamara performed a search of plaintiff's automobile. Sergeant Labore and

25 Officer Iorillo conducted a full scope search of defendant pockets, wallet, and automobile. Even

26 a full scope search for custodial arrest, if it would had been pursuant to Vehicle Code section

27 40302, would have exceed its scope under the 4th amendment. <u>People v. Dukes</u> (1969) 1

28 Cal.App.3d 913; <u>People v Superior</u> 14 Cal.App.3d 935; <u>People v Wohlleben</u> 261 Cal.App.2d
   461; <u>People v. Mercurio</u> 10 Cal.App.3d 426.

46.   Plaintiff expressly advised Officer Iorillo and Sergeant Labore that he objected to their search of his person and property, but Officer Iorillo responded he was being search incident to an arrest. Sergeant Labore, Officer Iorillo, and Officer McNamara were acting under color of law and in violation of the 4th amendment of constitution by searching plaintiff and his automobile incident to a false arrest. Because the arrest was unlawful, the search based on that arrest is also unlawful and violates the 4th amendment.

47.   Municipality is liable in that there is a failure to train and supervise amounting to deliberate indifference to the constitutional rights of plaintiff and defendant officers acted in a manner consistent with the custom of the San Diego Police Department having a deliberate indifference to plaintiff's constitution rights.

**FOURTH CAUSE OF ACTION**

<u>**California Torts Claim- False arrest and imprisonment:**</u>

48.   The defendants violated the plaintiff's rights under California law to be free from false arrest and imprisonment. California Penal Code section 836.5 gives an officer authority to arrest only when he has probable cause.

49.   Persons taken into custody on a non-felony traffic offense must be given the opportunity to post bail before they can be booked or subjected to a booking search. <u>People v. Superior Court (Simon) (1972) 7 Cal.3d 186; People v. Collin (1973) 35 Cal. App. 3d 416.</u>  Defendants maliciously, unreasonably, and without probable cause added charges of Penal Code 483.5 and Penal Code 148(a) as booking charges. This was injurious to plaintiff because if defendant had not added these charges, plaintiff would have been given the opportunity to post bail before being subject to booking searches, personally humiliation, and mental suffering for having to be in jail for 16 hours.

50.   Furthermore, defendants failed to follow the mandatory procedure in Vehicle Code 40306 which provides that the arresting officers shall file a complaint in court stating the offense and the defendant would by released on his own recognizance or post bail without having to be booked into jail. This was mandatory and not a discretionary function.

51.   A police officer who makes an arrest without a warrant and without justification may be held civilly liable for false arrest and imprisonment. Miller v. Glass, 44 Cal.2d 359, 361; Kaufman v. Brown, 93 Cal.App.2d 508. This matter is also false arrest and imprisonment due to the fact the defendants failed to prove their case in a court of law. Municipal liability rests upon principles of respondeat superior.

**FIFTH CAUSE OF ACTION**

**Deprivation of State created liberty interest and due process:**

52.   The Supreme Court has repeatedly held that State statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment. Carlo v. City of Chino, 105 F.3d 493 (9th Cir.1997); Vitek v. Jones, 445 U.S. 480 (1980). State law can form the basis of a liberty interest protected by the Fourteenth Amendment. Arreguin v. Prunty, 208 F.3d 835, 208 F.3d 835 (9th Cir. 2000)

53.   Defendants failed to act pursuant to the California Vehicle Code section 40306 which provided a procedure for non-felony vehicle code arrest in which plaintiff had a state created liberty interest. Vehicle Code section 40306 mandates that when the arresting officer has brought a person before a magistrate, the arresting officer must file a complaint with the court stating the offense charged. **This is a mandatory duty.** Regardless as to what incompetent court officers told officers, the instruction provide by the California Legislature in Vehicle Code § 40306 supercedes instruction from incompetent court officials acting under color of law in devising their own arrest procedure.  The defendant officers also had a duty know the law and make sure that plaintiff's State created liberty interest rights were safeguarded.

54. Due to the fact that defendants acted under color of state law, plaintiff was illegally and erroneously sent to jail and deprived of his state created liberty interest of having the right to be released on his own recognizance or post bail in court without having to be booked into jail.

55. The right of the custodial subject to be protected from harm is firmly rooted in substantive due process jurisprudence and when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety. DeShaney v. Winnebago County Soc. Servs. Dept., 489 U.S. 189, 199-200, 103 L. Ed. 2d 249, 109 S. Ct. 998 (1989). Defendants cannot blame court officers for the failure to follow Vehicle Code 40306. As Peace Officers sworn to uphold the Constitution, they cannot stand-by and allow a Citizen's constitutional rights to be violated. Defendants failed in their mandatory duty and responsibility to know the law and conduct themselves in a constitutional manner; as such they are liable to plaintiff for violating and allowing his constitutional rights to be denigrated.

**RELIEF REQUESTED**

WHEREFORE, the plaintiff requests that this Court:

A.   Issue a declaration that the defendants violated the plaintiff's right under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

B.   Issue a declaration that the defendants violated the plaintiff's right under the laws of California.

C.   Order the defendants to pay compensatory damages in the amount of One Million Five Hundred Thousand dollars ($1,500,000.00), based partly on Trezavant v. City of Tampa, 741 F.2d 336 (11th Circ. 1984).

D.   Order the defendants to pay punitive damages in the amount of Two Hundred Fifty

Thousand dollars ($250,000.00), notwithstanding Defendant City of San Diego.

E.   Order the complete expungement of Plaintiff's arrest record with the City of San Diego

Police Department.

E.   Grant any other relief the court deems appropriate.

Respectfully submitted in the Interest of Justice,

DATED: January 2, 2004

By _Dennis James Grimes Jr._

Dennis James Grimes, Jr.
In Propria Persona

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Dennis James Grimes, Jr.

**DEFENDANTS**

CITY OF SAN DIEGO
HOWARD LABORE
DAVID IORILLO
KEVIN DUMCAN

**(b)** County of Residence of First Listed Plaintiff _SAN DIEGO_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'04 JAN -5 AM 11:29
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

N/A    5310 Rex Ave #2
San Diego, California 92105

Attorneys (If Known)

'04 CV 00002 IEG (JFS)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ Insurance Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. 1983, ILLEGAL SEARCH & SEIZURE, FALSE ARREST

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 1,500,000.00   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 01/05/03   SIGNATURE OF ATTORNEY OF RECORD Dennis James Grimes Jr.

**FOR OFFICE USE ONLY**

RECEIPT # 99900   AMOUNT 150. N   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

1/5/04 VD